IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 06-152 |
| | ) | |
| LYDELL R. BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

CONTI, District Judge.

Pursuant to 18 U.S.C. § 3145(b), defendant Lydell R. Bell ("defendant") filed a motion for revocation of an order of detention pending trial (Doc. No. 22). This court considered defendant's detention pursuant to a de novo review of the record previously before the court and based upon matters raised at a hearing held on July 21, 2006, at which evidence and proffers of evidence were presented. Upon a review of the record, evidence and proffers of evidence presented at the hearing, the pleadings and briefs in this case, the pretrial services report, and the arguments of counsel, this court denied on the record defendant's motion for revocation of the order of detention for reasons set forth on the record and more fully set forth herein.

### *Facts and Procedural History*

Defendant was indicted on May 2, 2006 for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1.) The government filed a motion for an arrest warrant on May 2, 2006 (Doc. No. 6) and the motion was granted (Doc. No. 7). Defendant

subsequently was arrested.  Defendant made his initial appearance on May 11. 2006.  (Doc. No. 8).  The government requested detention as to defendant on May 11, 2006.  (Doc. No. 9.)  A detention hearing was held on May 19, 2006.  (Doc. No. 15.)  The magistrate judge presiding over the detention hearing ordered defendant detained.  (Doc. No. 16.)

Defendant filed the pending motion for revocation of the order of detention (Doc. No. 22) on July 5, 2006.  The government filed a response to the motion (Doc. No. 23), defendant filed a response to the government's response (Doc. No. 24), and the government subsequently filed a motion to withdraw portions of its response (Doc. No. 25), noting that in its response the government erroneously argued that there was a rebuttable presumption in favor of detention that applied in this case.

The court held a hearing on the motion on July 21, 2006.  Defendant, counsel for defendant, and counsel for the government attended the hearing.  At the hearing, counsel for both parties presented evidence and proffers of evidence including, but not limited to, information concerning defendant's history and the circumstances of his arrest on this charge.  In particular, evidence included that defendant was on probation for a state charge at the time of the arrest and that defendant had drugs in his possession and was carrying a loaded semiautomatic pistol with seven rounds and one round in the chamber at the time of the arrest.



***Standard of Review***

The court's standard of review of a magistrate judge's denial of pretrial detention is <u>de novo</u>. <u>United States v. Delker</u>, 757 F.2d 1390, 1394 (3d Cir.1985).

*Discussion*

The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. See United States v. Lemos, 876 F.Supp. 58, 59 (D.N.J.1995).  The court is charged with determining whether there exists "any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community...." 18 U.S.C. § 3142(f).  See also Lemos, 876 F.Supp. at 59 ( "A condition precedent to detention without bail under subsection (e) is that a hearing be held as provided in subsection (f).").  The facts the court relies upon to support a finding that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community must be supported by clear and convincing evidence.  The government bears the burden of showing by clear and convincing evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  See 18 U.S.C. § 3142(f) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence"); see also United States  v. Suppa, 799 F.2d 115, 119 (3d Cir. 1986) (even in rebuttable presumption cases,  the burden of persuasion always remains with the government).

Section 3142(c)(1)(B) of the Bail Reform Act sets forth a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release.  If no sufficient condition or combination of conditions exists, however, the court may order that a defendant be detained without bail pending trial.  18 U.S.C. § 3142(e).  Section 3142(e) of the Bail Reform Act provides, in pertinent part:

> If, after a hearing pursuant to the provisions of subsection (f), . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial.

18 U.S.C. § 3142(e).  Section 3142(e) provides that in certain cases enumerated in section 3142(f)(1), including cases involving a "crime of violence," a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  As defendant argued in his motion, and as discussed at the hearing, this case is not a rebuttable presumption case.  See United States v. Bowers, 432 F.3d 518, 519 (3d Cir. 2005) (holding that a violation of 18 U.S.C. § 922(g)(1) is not a crime of violence under the Bail Reform Act).

The court examines four factors in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.  18 U.S.C. § 4142(g).  The four factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including, the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

Applying section 3142(g)'s factors to the instant case, the court concludes that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released because the court finds that there is a serious risk that the defendant will endanger the safety of another person or the community.  The court, inter alia, notes that evidence and proffers of evidence at the hearing showed that defendant was arrested after midnight in possession of drugs and with a loaded semiautomatic pistol with seven rounds in it and one round in the chamber.  This information is relevant to the first and fourth factors set forth in section 3142(g), the nature and circumstances of the offense charged and the nature and seriousness of danger to any person or the community that would be posed by the defendant's release.  Here, the nature and circumstances of the charge considered in light of the circumstances of defendant's arrest, and in particular that while possessing drugs he was carrying a loaded semiautomatic pistol, support a finding that no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released.   In addition, the court notes that defendant was on probation at the time of his arrest, and this, as well as his prior history and experience with the criminal justice system as more fully set forth on the record, are relevant to the second factor that the court considers under section 3142(g), the

5

history and characteristics of the defendant.

The court notes that in addition to defendant being in possession of a loaded semiautomatic pistol at the time of the arrest, the possession of drugs at the time of the arrest is also pertinent to the analysis under the fourth factor set forth in section 3142(g), the nature and seriousness of the danger to any person or the community that would be posed by defendant's release.  The danger that defendant may traffic in illicit drugs is pertinent to the safety of any other person and the community that would be engendered by defendant's release.  When determining whether to detain defendant the court must, in essence, make a prediction as to whether defendant is likely to endanger any person or the community, and this includes a prediction about the likelihood of danger that defendant may traffic in illicit drugs if released pending trial.  See United States v. Perry, 788 F.2d 100, 114-15 (3d Cir. 1986) (danger to community arises from the likelihood that the defendant will, if released, commit one of the proscribed federal offenses)("the dangerousness determination involves a prediction of the detainee's likely future behavior.").  Based upon the foregoing, and as more fully set forth on the record at the hearing, the court finds that, applying section 3142(g)'s factors to the instant case, no condition or combination of conditions would reasonably ensure the safety of the community if defendant were to be released because the court finds that there is a serious risk that the defendant will endanger the safety of another person or the community.

### *Conclusion*

After a review of the record, and for the reasons set forth herein and at the hearing held on July 21, 2006, this court DENIED defendant's motion for revocation of an order of detention

6

pending trial (Doc. No. 22).  This Memorandum Order constitutes the court's detention order

pursuant to 18 U.S.C. § 3142(i) setting forth written findings of fact and a written statement of

reasons for the detention.  The court finds that the government has shown by clear and

convincing evidence that no condition or combination of conditions will reasonably assure the

appearance of the defendant as required and the safety of any other person and the community.

The court directs regarding defendant's detention that defendant is committed to the

custody of the Attorney General or his designated representative for confinement in a corrections

facility separate, to the extent practicable, from persons awaiting or serving sentences or being

held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for

private consultation with defense counsel.  On order of a court of the United States or on request

of an attorney for the Government, the person in charge of the corrections facility shall deliver

the defendant to the United States marshal for the purpose of an appearance in connection with a

court proceeding.

By the court,


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge


Dated: August 10, 2006

cc:      Counsel of Record